UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM WOLFF,<br><br>      Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>      Defendant. | CASE NO. C16-5852-JCC-MAT<br><br>REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff William Wolff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends this matter be REMANDED for further administrative proceedings.

**<u>FACTS AND PROCEDURAL HISTORY</u>**

Plaintiff was born on XXXX, 1965.[1] He has his GED and previously worked as a cashier and stocker. (AR 30, 350.)

---

[1] Plaintiff's date of birth is redacted back to the year in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files.

Plaintiff protectively filed DIB and SSI applications in December 2012, alleging disability beginning July 1, 2008. (AR 250-64.) Plaintiff remained insured for DIB through December 31, 2013 and was required to establish disability on or prior to that "date last insured" (DLI). *See* 20 C.F.R. §§ 404.131, 404.321. His applications were denied initially and on reconsideration.

On April 6, 2015, ALJ Riley Atkins held a hearing, taking testimony from plaintiff and a vocational expert (VE). (AR 39-62.) On April 15, 2015, the ALJ issued a decision finding plaintiff not disabled prior to January 1, 2015, but disabled as of that date. (AR 20-32.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on August 8, 2016 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's morbid obesity, osteoarthritis of the shoulders, diabetes milletus, and left knee degenerative joint disease severe. He found other alleged impairments not severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform sedentary work, with the following limitations: he can occasionally and frequently lift and carry up to ten pounds; should not be required to stand and/or walk more than two to four hours in a workday; can sit with normal breaks up to six hours in a workday; can occasionally climb ramps or stairs, but can never engage in any other climbing; can never kneel or crawl; can occasionally crouch; cannot perform overhead work on more than an occasional basis with his left arm and cannot perform any overhead work with the right arm; and should avoid concentrated exposure to extreme cold and heat, humidity, and other environmental irritants, such as fumes, odors, dusts, gases and poor ventilation, and severe workplace hazards, such as working at heights or around dangerous machinery with moving parts. With that assessment, the ALJ found plaintiff unable to perform his past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff, prior to January 1, 2015, capable of performing other jobs, such as work as an electronics assembler and telephone solicitor. However, beginning January 1, 2015, within six months of his fiftieth birthday and the date his age category changed, Medical-Vocational Rule 201.14 directed a finding of disability. *See* 20 C.F.R. pt. 404, Subpt. P, App. 2, § 201.14 (individual limited to sedentary work, closely approaching advanced age, with a high school degree of more, and skilled or semiskilled, skills not transferable).) Plaintiff was, therefore, not disabled prior to January 1, 2015 or at any time through his December 31, 2013 DLI, but became disabled on January 1, 2015 and continued to be

REPORT AND RECOMMENDATION
PAGE - 3

disabled through the date of the decision.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ harmfully erred in failing to adopt manipulative limitations recommended by a consultative examiner or to give any reasons for rejecting those limitations. He requests remand for an award of benefits. The Commissioner concedes the harmful error, but contends a finding of disability is not appropriate and that this matter should be remanded for further administrative proceedings. The Court, for the reasons set forth below, agrees with the Commissioner.

### Medical Opinions and RFC

Consultative examiner Dr. Hayden Hamilton evaluated plaintiff on February 28, 2013. (AR 626-30.) On examination, Dr. Hamilton found bilateral shoulder abduction at ninety degrees and impaired range of motion of the bilateral shoulders, with degenerative joint disease of the right glenohumeral joint. (AR 628-29.) He considered a right shoulder x-ray, also dated February 28, 2013, finding severe degenerative changes of the glenohumeral joint. (AR 625-26.) Dr. Hamilton

opined with respect to manipulative limitations: "The claimant should perform reaching only occasionally and avoid overhead reaching with his right upper extremity. He can perform all other tasks occasionally. These limitations are due to right glenohumeral degenerative joint disease and impaired range of motion of the bilateral shoulders." (AR 630.)

Dr. Hamilton also identified other issues on examination, including left knee degenerative joint disease, right knee pain with possible right knee degenerative joint disease, impaired strength in right lower extremity, obesity, and shortness of breath. (AR 629.) He assessed associated limitations including five hours of standing/walking in an eight-hour workday, no limitations in sitting, and the ability to occasionally lift twenty pounds and frequently lift ten pounds. (AR 630.) He found plaintiff should avoid climbing ladders and scaffolding; is able to perform balancing, kneeling, crouching, and crawling occasionally, and stooping frequently; and should avoid working around heights, heavy machinery, dust, fumes, and gases. (*Id.*)

The ALJ gave limited weight to Dr. Hamilton's opinions. (AR 29.) He concluded the record as a whole "shows the claimant's conditions in combination are more limiting than his recommendations" and that plaintiff's "functioning has continued to deteriorate" since Dr. Hamilton's examination. (AR 29.)

The ALJ afforded great weight to the opinions of non-examining State agency medical consultant Dr. Robert Hoskins, the only other physician of record to address plaintiff's physical impairments. (*Id.* and AR 107-10.) Dr. Hoskins expressed opinions almost identical to those adopted in the RFC, except that, while Dr. Hoskins opined plaintiff could occasionally kneel or crawl, occasionally reach overhead with both upper extremities, and frequently balance and stoop, the ALJ opined plaintiff could never kneel or crawl, could never reach overhead with the right upper extremity, and did not indicate any limitations in balancing or stooping. (*Compare* AR 108-

REPORT AND RECOMMENDATION
PAGE - 5

1 10, *with* AR 26.) The ALJ found Dr. Hoskins' opinion well supported by the record as a whole,
including plaintiff's subjective complaints. (AR 29.)

The ALJ did not include in the RFC any limitations in manipulative activities other than no more than occasional overhead work with the left arm and no overhead work with the right arm. (AR 26.) He did not address Dr. Hamilton's opinion that plaintiff should reach only occasionally and could "perform all other tasks occasionally" (AR 630), or provide an explanation as to why such limitations were not adopted. The parties agree that the ALJ erred in this respect. The parties also agree this error was harmful given the VE's testimony there would not be work existing in significant numbers plaintiff could perform if he was limited to occasional reaching in all directions with the dominant right arm. (AR 60.)

### Remand

The Court has discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Before remanding for an award of benefits, three requirements must be met. First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Id*. (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must conclude "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'" *Id*. In so doing, the Court considers the existence of "'outstanding issues'" that must be resolved before a disability determination can be made. *Id*. (quoting *Treichler*, 775 F.3d at 1105). Third, the Court must conclude that, "'if the

REPORT AND RECOMMENDATION
PAGE - 6

1 improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id*. (quoting *Garrison*, 759 F.3d at 1021).[2] *See also Treichler*, 775 F.3d at 1101, 1105 (the Court considers the existence of outstanding issues *before* considering whether to credit a claimant's testimony or a medical opinion as a matter of law; "Third, if we conclude that no outstanding issues remain and further proceedings would not be useful, we . . . [find] the relevant testimony credible as a matter of law, and then determine whether the record, taken as a whole, leaves "'not the slightest uncertainty as to the outcome of [the] proceeding[.]'") (citations omitted).

Even with satisfaction of the three requirements, the Court retains "'flexibility'" in determining the proper remedy. *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison*, 759 F.3d at 1021). The Court may remand for further proceedings "'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" *Id*. If the record is "uncertain and ambiguous," the matter is properly remanded for further proceedings. *Treichler*, 775 F.3d at 1105.

The Court finds outstanding issues necessitating further administrative proceedings in this case. There is, as an initial matter, an outstanding issue as to when plaintiff could or should be found disabled with the inclusion of additional manipulative limitations in the RFC. Dr. Hamilton's opinion is dated February 28, 2013, while plaintiff avers a disability onset date of July

---

[2] It should be noted that, although not applicable to the ALJ's 2015 decision, the Social Security Administration (SSA) revised its regulations regarding the consideration of medical opinions with the intent "to make it clear that it is never appropriate under our rules to 'credit-as-true' any medical opinion." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 at 5858-60 (January 18, 2017) (regulation changes effective March 27, 2017). The SSA further clarified that the "credit-as-true rule" is "inconsistent with the general rule that, when a court finds an error in an administrative agency's decision, the proper course of action in all but rare instances is to remand the case to the agency for further proceedings." *Id*.

REPORT AND RECOMMENDATION
PAGE - 7

1, 2008. The record shows plaintiff, on February 17, 2014, sought medical care for bilateral shoulder pain, worse on the left than on the right, and reported left side numbness beginning three weeks prior, but chronic bilateral shoulder pain for several months, as well as pain while sleeping and lifting above his head, and intermittent tingling in his left hand. (AR 746.) On February 27, 2014, he reported chronic right shoulder pain for several years, similar pain in the left shoulder for the prior few months, and occasional left arm numbness. (AR 730-31.) A left shoulder x-ray showed severe degenerative joint disease at the glenohumeral joint and similar degenerative changes to those previously found in the right shoulder. (*Id.*) However, at least as late as February 1, 2013, plaintiff did not indicate any limitations in reaching or using his hands, instead pointing only to issues associated with his knees, legs, and back. (AR 387-94 (also indicating no problems with personal care, other than use of a shower chair).) (*See also* AR 306-10 (reporting same in February 2011), AR 398-401 (April 2013 appeal form indicating no change since January 2013), AR 407-10 (July 2013 appeal form indicating no change since April 2013).) Further proceedings would allow for consideration of a disability onset date, including consideration of the evidence in relation to plaintiff's DLI.

Further proceedings would also serve other useful purposes. It is not clear, for example, whether Dr. Hamilton intended to find plaintiff limited to performing all manipulative activities occasionally, or only in relation to reaching. On examination, Dr. Hamilton found all other arm- and hand-related ranges of motion, including elbow joints, wrist joints, and finger/thumb, within normal limits, and specifically attributed the opined manipulative limitations to plaintiff's shoulder impairment. (AR 628, 630.) Dr. Hoskins found plaintiff unlimited in handling, fingering, and feeling. (AR 109.)

Also, while the VE indicated an occasional reaching limitation would preclude the jobs

REPORT AND RECOMMENDATION
PAGE - 8

identified at step five, the Dictionary of Occupational Titles (DOT) reflects the job of telephone solicitor requires only occasional reaching. *See* DOT 299.357-014 (telephone solicitor), 1991 WL 672624 (requiring occasional reaching and handling and frequent fingering). *But see* DOT 726.684-034 (electronic assembler), 1991 WL 679599 (requiring frequent reaching, handling, and fingering). This appears to raise a conflict between the VE's testimony and the DOT, and a question as to whether a significant number of jobs would remain at step five were the RFC to include a limitation to occasional reaching in all directions. (*See* AR 31, 58 (identifying 159,000 telephone solicitor jobs nationally and 1,300 in the State of Oregon)); and *see Thomas*, 278 F.3d at 960 (1,300 jobs in Oregon region and 622,000 in the national economy significant); *Meanel v. Apfel*, 172 F.3d 1111, 1114-15 (9th Cir. 1999) (between 1,000 and 1,500 jobs in the local area constituted a significant number); *Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (over 2,300 jobs in the San Diego County area and 64,000 nationwide constituted a significant number); *Barker v. Secretary of Health & Human Servs.*, 882 F.2d 1474, 1478-79 (9th Cir. 1989) (1,266 jobs in the Los Angeles/Orange County area constituted a significant number).

In addition, while the ALJ did err in failing to either adopt or provide sufficient reasons for rejecting any additional manipulative limitations, the testimony at hearing appears to show he considered the possibility and impact of additional reaching limitations, and thereafter declined to include them in the RFC. (*See* AR 60 ("[ATTY:] What if the individual was limited to occasional reaching in all directions with the right arm, in addition to the limits given and - - ALJ: Well, the limits were on the right arm, I said. ATTY: But you said overhead reach, didn't you? ALJ: I said - - right. They couldn't engage in overhead work with the right but only occasional overhead with the left. ATTY: I know but the CE doctor said all directions. So that was my question. ALJ: Okay. [ATTY:] If we were to change the limitation to occasional reaching in all directions with

1  the dominant right arm, would there be other work in significant numbers? [VE:] No.")) The
2  decision further shows that, while assigning some weight to the opinions of Dr. Hamilton, the ALJ
3  accorded great weight to the opinions of Dr. Hoskins, the latter of whom found no manipulative
4  limitations other than only occasionally reaching overhead. (AR 29.)

Plaintiff argues the report of Dr. Hoskins, a non-examining physician, does not provide substantial evidence to refute the opinion of examining physician Dr. Hamilton given the absence of any independent analysis of Dr. Hamilton's objective findings to justify exclusion of the limitations assessed. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996) ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician.") He notes that Dr. Hoskins found Dr. Hamilton's opinion consistent with other evidence in the file. (AR 107.)

However, while an ALJ may not properly rely solely on a differing conclusion of a non-examining physician based on the same objective evidence considered by an examining physician, he may nonetheless reject the examining physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. *Orn v. Astrue*, 495 F.3d 625, 632-33 (9th Cir. 2007). *See also Morgan v. Comm'r of the SSA*, 169 F.3d 595, 602 (9th Cir. 1999) (while it does not suffice by itself, an ALJ may reject the opinion of a treating or examining physician "based, *in part* on the testimony of a nontreating, nonexamining medical advisor."); *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) ("[T]he findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings.") While the ALJ did not include such reasoning in this case, the record as a whole – including Dr. Hamilton's own objective findings (AR 628) and the absence of relevant symptom reporting by plaintiff until early 2014 (AR 746) – warrants further consideration of the medical

REPORT AND RECOMMENDATION
PAGE - 10

and other evidence on remand.

Plaintiff also asserts an award of benefits is warranted given the ALJ's indication he intended to adopt a more limiting RFC than that assessed by Dr. Hamilton. (*See* AR 29.) Yet, it is not apparent the ALJ associated this reasoning with manipulative limitations. It is, on the other hand, evident the ALJ found plaintiff more limited than opined by Dr. Hamilton in concluding plaintiff could only occasionally lift up to ten pounds, could stand or walk no more than two to four hours, could sit only up to six hours, could never kneel or crawl, and could only occasionally crouch. (*Compare* AR 26, *with* AR 29.) It is further apparent that, in so finding, the ALJ largely adopted the limitations opined by Dr. Hoskins. (*Id.*)

The Court, finally, rejects plaintiff's suggestion that consideration of the evidence discussed above presents an improper post hoc rationalization. *See Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (court reviews ALJ's decision "based on the reasoning and factual findings offered by the ALJ – not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.") (citing, *inter alia, SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). In this case, the Court is not tasked with considering whether or not the ALJ erred or the harmfulness of the error. *Cf. Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (a reviewing court is "'constrained to review the reasons the ALJ asserts'" and "'cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision.'"; "Consequently, if the Commissioner's request that we dismiss the ALJ's error as harmless 'invites this Court to affirm the denial of benefits on a ground not invoked by the Commissioner in denying the benefits originally, then we must decline.'") (quoted and cited sources omitted). The Court, instead, must determine whether plaintiff should be awarded disability benefits. As stated by the Ninth Circuit:

REPORT AND RECOMMENDATION
PAGE - 11

> The touchstone for an award of benefits is the existence of a disability, not the agency's legal error. To condition an award of benefits only on the existence of legal error by the ALJ would in many cases make "disability benefits . . . available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)."

*Brown-Hunter*, 806 F.3d at 495 (quoted sources omitted). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Strauss v. Comm'r of Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). The Court finds it appropriate to remand this matter for further consideration of plaintiff's claim for disability benefits prior to January 1, 2015.

## CONCLUSION

This matter should be REMANDED for further administrative proceedings.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 2, 2017**.

DATED this 15th day of May, 2017.

							Mary Alice Theiler
							United States Magistrate Judge